HARVEY TAINTER & otners *vs.* ASA W. CLARK.

A devise of land and money in trust for the purpose of maintaining a " school-house anu school, to be taught by a female or females, wherein no book of instruction is to be used to teach except spelling books and the Bible," is valid.

A trust under a will does not become extinguished by the failure of the trustee to accomplish its purpose within a reasonable time; but the trustee may be required to execute it, on a proper process by a proper party.

If a suit in equity is heard by the court on the bill and answer, averments in the bill which are denied on oath in the answer will not be taken to be true.

BILL IN EQUITY by the residuary devisees of Ephraim Copeland, to recover land and money disposed of by his will as follows : " In the fifth place, I give, bequeath and devise in trust to my executor hereinafter named a strip of land [which was

described] for the site of a school-house, in case I should not erect one in my lifetime, and access thereto. Also one thousand dollars, at the decease of my said wife, for the following use forever, to wit, to maintain a school-house and school, to be taught by a female or females, wherein no book of instruction is to be used to teach except spelling books and the Bible, which said school is to be called the ' Bible School, or the New Testament sought out,' and shall be under such regulations and government as I shall direct in writing, if I leave any instructions for that purpose. And in order to accomplish said object, said trustee and his heirs shall have reasonable time to bring the same about, with the funds left for that purpose."

The bill alleged that the testator did not leave any instructions in writing for the regulation and government of the school ; that his wife died in June 1854; that a reasonable time for carrying out the objects of the trust has long since elapsed ; that the executor named in the will declined the trust; that the defendant was appointed trustee, and has since been in the possession of the land and funds ; that he is using the same, and has no intention of performing the trusts, and that the devise is null and void. The prayer was that the trusts might be annulled, the land sold, and the proceeds thereof, together with the funds now in the defendant's hands, paid to the plaintiffs, and his appointment revoked, and his account filed.

The answer, which was under oath, averred, among other things, that the fund on hand was inadequate, in the judgment of the defendant, to carry out the objects of the testator, and that he has husbanded the same to the best advantage he could, and intends, when the same is accumulated to a sufficient amount, to erect and maintain a suitable house on the land, and establish a school according to the true intent and meaning of the testator ; and denied that the devise is null and void.

The case was heard on the bill and answer.

*S. P. Twiss & C. A. Holbrook,* for the plaintiffs. This is not a bequest to a charitable use, within the *St.* 43 Eliz. *c.* 4. 2 Story on Eq. §§ 1155–1157. *Baptist Association* v. *Hart,* 4 Wheat. 1. *Ommanney* v. *Butcher,* Turn. & Russ. 260. *Morice* v

*Bishop of Durham,* 10 Ves. 522. It is impossible to make it of any public benefit. The laws of the land furnish better public schools. Sufficient time has elapsed to enable the defendant to perform the trusts.

*I. M. Barton,* for the defendant, was stopped by the court.

METCALF, J. The devise in question is a valid devise to a charitable use, within the *St.* 43 Eliz. *c.* 4, which, in principle and substance, is in force in this state, (16 Pick. 119,) and which expressly includes gifts for the maintenance of " schools of learning." Duke, (Bridgman's ed.) 1, 128. 4 Dane Ab. 5, 6. *Attorney General* v. *Earl of Lonsdale,* 1 Sim. 109. *Price* v. *Maxwell,* 28 Penn. State R. 23. *Franklin* v. *Armfield,* 2 Sneed, (Tenn.) 347 *& seq.*

The testator directed that his devisee should have a reasonable time to accomplish the purpose of the devise, " with the funds left for that purpose." And the sworn answer of Clark, the present trustee, alleges that the trust fund in his hands is not, in his judgment, sufficient to enable him " to carry out the objects of the testator," and that he has made constant efforts to secure those objects, by husbanding that fund for the purpose of erecting a school-house and establishing a school according to the testator's intention. No special replication has been filed, nor has any issue been joined on the answer, according to the rules of the court. 14 Gray, 355. Upon the hearing on the bill and answer, the plaintiffs insist that they are entitled to the decree prayed for in their bill, namely, a decree annulling the trust created by the testator, directing the sale of the land devised for the site of a school-house, and the payment to them of the proceeds of such sale; and also the payment to them of the amount of the pecuniary fund now in the trustee's hands. They seek such a decree, *first,* on the mistaken ground that the devise is void, and *secondly,* because the trustee has not, within a reasonable time, accomplished the objects of the trust. But even if it were admitted, or shown by proof, that a reasonable time for the accomplishment of the testator's purpose had elapsed, yet this would be no legal reason for granting the prayer of the plaintiffs, but only a reason that the court, on a proper process

OCTOBER TERM 1862. 69

by the proper party, should require the trustee to execute the trust. *Sanderson* v. *White*, 18 Pick. 339.

On the bill and answer, the court must understand that a reasonable time for erecting a school-house and establishing a school, with the means left therefor by the testator, has not yet come, and that the trustee is diligently endeavoring to increase the fund in his hands, by causing it to accumulate until it shall be sufficient to effect the purpose of the testator. Accumulations of an unapplied bequest to a charity go to the charity along with the original bequest. *Forbes* v. *Forbes*, 18 Beav. 552. Tudor on Charitable Trusts, (2d ed.) 327.

*Bill dismissed.*